So Ordered.

Signed this 15 day of January, 2026.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

ANNA THERESA BALASH,

                                                      Chapter 13
                                                      Case No. 25-11042-1-pgr
               Debtor.
_____

ANNA THERESA BALASH,

               Plaintiff,           Adv. Pr. No. 25-90026-1-pgr

v.

U.S. BANK TRUST NATIONAL
ASSOCIATION[1], et al.,

               Defendants
_____

---

[1] not in its individual capacity but solely as owner trustee for RCF2 Acquisition Trust ("U.S. Bank").

1

APPEARANCES:

| | |
|---|---|
| ANNA THERESA BALASH<br>*Debtor* | ANNA THERESA BALASH |
| HINSHAW & CULBERTSON LLP<br>*Attorneys for Select Portfolio Servicing, Inc.*<br>800 Third Avenue, 13th Floor<br>New York, New York 10022 | ELLIS M. OSTER. SR., ESQ. |
| ANDREA E. CELLI-TRUSTEE<br>*Standing Chapter 13 Trustee*<br>7 Southwoods Boulevard<br>Albany, NY 12211 | BONNIE BAKER, ESQ. |

# **MEMORANDUM DECISION AND ORDER GRANTING SPS'S MOTION TO DISMISS**

1. Anna Theresa Balash ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (25-11042, Docket No. 1) *pro se* on September 11, 2025.

2. On November 3, 2025, Debtor filed this Adversary Proceeding against six Defendants, including Select Portfolio Servicing("SPS"). (Docket No. 1)

3. In this Complaint, Debtor asserts three[2] causes of action: violations of the Foreign Agents Registration Act ("FARA"); violations of the Fair Debt Collection Practices Act ("FDCPA"); and asks that this Court to quiet title and remove an allegedly invalid lien from 615 State Street, Hudson, NY ("Property") obtained from an allegedly fraudulent mortgage. (Complaint at 16, 18, & 24).

---

[2] The Complaint contains Counts One, Two, and Four but no Count Three.

2

4. On December 3, 2025, SPS filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). (Docket No. 9).

5. Debtor filed opposition to the motion (Docket No. 17) and SPS filed a reply (Docket No. 21).

6. The Court held a hearing to consider the motion on January 8, 2026.

7. Debtor appeared *pro se*, Bonnie Baker, Esq. appeared on behalf of the Chapter 13 Trustee, and Ellis M. Oster Sr., Esq. appeared on behalf of SPS.

8. For the reasons outlined below, SPS's Motion to Dismiss is granted.

## **Motion to Dismiss under Rule 12(b)(6)**

9. Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

10. Rule 12(b)(6) empowers the bankruptcy court to dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

11. When considering a motion under Rule 12(b)(6), the court must accept all factual allegations as true and draw all inferences in favor of the plaintiff. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

12. A Complaint should be dismissed under Rule 12(b)(6) if "the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

## **Pleading Standards of Rule 8**

13. Rule 8 of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure.

14. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8.

15. "The purpose of the statement is to provide fair notice of the claim and the grounds upon which it rests." *Enron Corp. v. Granite Constr. Co.* (*In re Enron Corp.*), No. 01-16034 AJG, 2006 WL 2400369, at *5 (Bankr. S.D.N.Y. May 11, 2006) (cleaned up) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

16. A plaintiff is obligated to provide grounds for the entitlement to the relief sought in the complaint, which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

17. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ubriaco v. Martino* (*In re Martino*), 429 B.R. 66, 70 (Bankr. E.D.N.Y. 2010).

18. Thus, "a complaint should generally contain some allegations as to what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Id.* at 70–71 (internal quotation omitted).

19. Debtor's Complaint contains only one sentence related to SPS and makes no factual or legal allegations against SPS. (Docket No. 1, ¶ 6) ("Upon information

4

and belief, defendant Select Portfolio Servicing, is a domestic with a principal place of business located at 3217 S. Decker Lake Drive, Salt Lake City, UT 84119.").

20. Thus, Debtor's Complaint does not meet the requirements of Rule 8(a) and should be dismissed.

21. However, because the Plaintiff is *pro se*, the Court will construe the Complaint liberally "so as to do justice." *Martino,* 429 B.R. at 71; Rule 8(f).

22. At the hearing held on January 8, 2026, Debtor, when questioned about the allegations against SPS, indicated that she intended for all of the allegations in the Complaint to apply to each Defendant independently. As such, the Court will analyze the allegations as if they had been pleaded against SPS.

## Violations of the FARA

23. Construed liberally, Count One of Debtor's Complaint alleges that SPS violated FARA by failing to register as a foreign agent. (Docket No. 1 at 16–17).

24. Debtor's FARA claim lacks any chance of success as there is no private right of action to enforce a FARA violation. *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *11 (S.D.N.Y. Aug. 22, 2023) ("[E]very court to have considered the issue, in this Circuit and elsewhere, has held that no private right of action can be implied in FARA."); *Henry v. Washington*, No. 3:22-CV-5673-DGE, 2022 WL 9491957, at *2 (W.D. Wash. Sept. 16, 2022), *report and recommendation adopted*, No. 3:22-CV-05673-DGE, 2022 WL 9372175 (W.D. Wash. Oct. 14, 2022) ("[T]here is no private cause of action provided for in the act such

5

that Plaintiff could sue for a violation of it."); *Weican Meng v. Xinhuanet Co.*, No. 16 CIV. 6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) ("[N]o language in [the] statute or its legislative history suggests that Congress intended to establish cause of action in any entity other than Federal Government.").

25. Additionally, in the Complaint, Debtor alleges that SPS is "domestic" with a principal place of business in Utah.  (Docket No. 1 at 5).  Thus, FARA is inapplicable to SPS.

26. As such, Count One of Debtor's Complaint must be dismissed as to SPS.

**<u>Violations of the FDCPA</u>**

27. Count Two of Debtor's Complaint alleges violations of the FDCPA.

28. While the Complaint is not clear as to what conduct SPS is alleged to have done, the Complaint does state that "[t]he Bank Defendants . . . willfully commenced a foreclosure debt collection action in the State Court by[] relying on improper paperwork when the foreclosure case was commenced as well as through the life of the case and ignored various attempts to bring the debt current."  (Docket No. 1 at 22).

29. The Complaint goes on to state: "Defendants stole my property with their illegal Foreclosure."[3] (*Id.*)

---

[3] The Court notes that Debtor was not a signatory on the note or mortgage nor a Defendant in the Foreclosure action. (Docket No. 9, Exs. A–C). Debtor's late husband, Yiannakis C. Ioannides, was executed the note and mortgage and was the sole Defendant in the Foreclosure action. *Id.*

6

30. Thus, it seems clear that Debtor is seeking to prosecute violations of the FDCPA occurring before and during the foreclosure action. *Id.*

31. "Claims under the FDCPA are subject to a one-year statute of limitations from the date a violation occurs." *Costello v. Wells Fargo Bank, NA*, No. 22-1528-CV, 2023 WL 6380061, at *2 (2d Cir. Oct. 2, 2023).

32. The foreclosure action on the Property began on February 12, 2012. (Docket No. 9, Ex. B). A decision and order granting a judgment of foreclosure and sale was entered on January 23, 2018. (*Id.*) The Property was ultimately transferred to U.S. Bank, on December 5, 2023. (*Id.*, Ex. C)

33. Thus, based upon the allegations set forth in the Complaint, the latest that a FDCPA violation could have occurred in connection with the foreclosure is December 2023. For a claim to have been timely under the FDCPA, it must have been brought no later than December 2024. As this adversary proceeding was filed on November 3, 2025, any claim for a violation under the FDCPA arising out of the foreclosure sale is time barred.

34. Debtor also alleges that "continuing to pursue eviction proceedings when a full accounting per GAAP has not been provided is a violation of the FDCPA ...." (Docket No. 1 at 10).

35. There are no allegations that SPS is evicting Debtor. (*See* Docket 9, Exs. A–C showing that U.S. Bank is the owner of the Property); *see also* Docket No. 6, Ex. M) (copy of Hudson City Court's 14 Day Notice & Warrant of Eviction

7

indicating that the petitioner on the eviction is "US Bank Trust National Association....").

36. As such, Count Two of the Complaint must be dismissed as to SPS.

**Declaratory Relief seeking to quiet title and/or invalidate U.S. Bank's lien**

37. Count Two asks the Court to "quiet title" and "have the lien removed and the sale that took place set aside," while Count Four asks that the Invalid Lien . . . be removed from the property, along with any rights alleged by Third Party." (Docket No. 1 at 23–24).

38. There are no allegations in the Complaint indicating that SPS holds a lien against the Property. (*See* Docket No. 9, Exs. A–C).

39. A Judgment of Foreclosure and Sale in favor of U.S. Bank was entered on January 23, 2018, and a Referee's Deed conveyed the Property to U.S. Bank on December 5, 2023. (Docket No. 9, Exs. A–C).

40. However, even if SPS were the lienholder, "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void." *Buckskin Realty Inc. v. Windmont Homeowners Ass'n* (*In re Buckskin Realty Inc.*), No. 1-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016).

41. While Debtor argues that *Rooker-Feldman* does not apply to bankruptcy courts, this Court is bound by the law of the Second Circuit. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent

8

[Plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [Plaintiff's] claim.").

42. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the relief requested would result in the reversal or modification of a state court judgment. *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Holmes v. Ocwen Loan Servicing, LLC* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576, at *3 (Bankr. S.D.N.Y. July 24, 2020) ("*Rooker–Feldman* doctrine . . . precludes federal district courts from exercising appellate jurisdiction over final state court judgments."); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It also "bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki*, 290 F.3d at 128 (quoting *Feldman*, 460 U.S. at 482–83 n.16).

43. "[T]here is no fraud exception to the *Rooker–Feldman* doctrine." *Holmes v. Ocwen Loan Servicing* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576, at *4 (Bankr. S.D.N.Y. July 24, 2020); *see also Kropelnicki*, 290 F.3d at 128 (2d Cir. 2002) ("[W]e have never recognized a blanket fraud exception to *Rooker–Feldman*.").

44. Finally, a nonborrower does not have standing to challenge a foreclosure. *Jones v. Kaufman*, No. 25-CV-4407 (CS), 2025 WL 1755122, at *1 (S.D.N.Y.

June 24, 2025)("A plaintiff who does not own the property subject to foreclosure does not have standing to challenge that foreclosure."); *see also NDF1, LLC v. Cunningham*, No. 24-CV-00002 (NCM) (JAM), 2025 WL 3295069, at *11 (E.D.N.Y. Nov. 26, 2025) (same).

45. Thus, Count Four, and any similar relief requested in Count Two, must also be dismissed as to SPS.

For the reasons stated above, SPS's Motion to Dismiss is **GRANTED** in its entirety.

The Clerk of Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###