So Ordered.

Signed this 27 day of February, 2026.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

ANNA THERESA BALASH,

                                  Chapter 13
                                  Case No. 25-11042-1-pgr

                      Debtor.
_____

ANNA THERESA BALASH,

                    Plaintiff,      Adv. Pr. No. 25-90026-1-pgr

v.

U.S. BANK TRUST NATIONAL
ASSOCIATION[1], et al.,

                  Defendants
_____

---

[1] not in its individual capacity but solely as owner trustee for RCF2 Acquisition Trust ("US Bank").

1

APPEARANCES:

| | |
|---|---|
| ANNA THERESA BALASH<br>*Debtor* | ANNA THERESA BALASH |
| DAY PITNEY LLP<br>*Attorneys for Selene and U.S. Bank*<br>605 Third Avenue<br>New York, NY 10158 | KEVIN MACTIERNAN, ESQ. |
| HINSHAW & CULBERTSON LLP<br>*Attorneys for SPS and Fay*<br>800 Third Avenue, 13th Floor<br>New York, New York 10022 | ELLIS M. OSTER. SR., ESQ. |
| ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC<br>Attorneys for PHH<br>900 Merchant Concourse<br>Suite 310<br>Westbury, NY 11590 | KEVIN ROGER TOOLE, ESQ. |
| ANDREA E. CELLI-TRUSTEE<br>*Standing Chapter 13 Trustee*<br>7 Southwoods Boulevard<br>Albany, NY 12211 | BONNIE BAKER, ESQ. |

**MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO AMEND COMPLAINT AND GRANTING U.S. BANK'S AND SELENE'S MOTION TO DISMISS**

1. Anna Theresa Balash ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (25-11042, Docket No. 1) *pro se* on September 11, 2025.

2. On November 3, 2025, Debtor filed this Adversary Proceeding against six Defendants: U.S. Bank National Association ("US Bank"); PHH Mortgage

Corporation ("PHH"); Select Portfolio Servicing ("SPS")[2]; Fay Servicing LLC ("Fay"); Selene Finance ("Selene"); and Nationstar Mortgage LLC as Mr. Cooper ("Nationstar"). (Docket No. 1)

3. In the Complaint, Debtor asserts three[3] causes of action: violations of the Foreign Agents Registration Act ("FARA"); violations of the Fair Debt Collection Practices Act ("FDCPA"); and asks that this Court to quiet title and remove an allegedly invalid lien from 615 State Street, Hudson, NY ("Property") obtained from an allegedly fraudulent mortgage. (Complaint at 16, 18, & 24).

4. On January 20, 2026, in response to this Court's Memorandum Decision and Order dismissing Debtor's Complaint against SPS (Doc. No. 27), Debtor filed an Emergency Motion to Amend her Complaint ("Emergency Motion") (Doc. No. 28).

5. At the time, U.S. Bank and Selene had a pending joint Motion to Dismiss (Doc. No. 6), which was fully briefed (*see* Debtor's Response at Doc. No. 16) and set to be heard on January 22, 2026.

6. The Court scheduled a conference on Debtor's Emergency Motion for the same date.

7. Debtor appeared *pro se*, Bonnie Baker, Esq. appeared on behalf of the Chapter 13 Trustee, Kevin MacTiernan appeared on behalf of Selene and US Bank,

---

[2] A Memorandum Decision and Order granting SPS's Motion to Dismiss it from this adversary proceeding was entered on January 15, 2026. (Doc. No. 27).
[3] The Complaint contains Counts One, Two, and Four but no Count Three.

Kevin Toole appeared on behalf of PHH, and Ellis M. Oster Sr., Esq. appeared on behalf of Fay and SPS.

8. At the January 22, 2026, The Court heard argument on US Bank's Motion to Dismiss (Doc. No. 6) and the Debtor's Emergency Motion (Doc. No. 28).

9. After the hearing, the Court entered a Text Order directing the Debtor to file a statement in support of her Emergency Motion and attach the proposed amended Complaint as an accompanying exhibit. (Doc. No. 35). In light of the Emergency Motion, the Court set briefing for the Emergency Motion and extended the deadlines for PHH and Fay to file dispositive motions. (Doc. Nos. 35 & 36).

10. On February 5, 2026, the Debtor filed her supplemental Motion to Amend Complaint ("Motion to Amend") (Doc. No. 39) and on February 19, 2026, US Bank and Selene filed a joint objection (Doc. No. 57) to the Motion to Amend.[4]

11. The Motion to Amend was deemed submitted as of February 19, 2026. (Doc. Nos. 35 & 44).

12. For the reasons outlined below, Debtor's Motion to Amend (Doc. 39) is denied and US Bank's and Selene's Motion to Dismiss (Doc. 6) is granted.

---

[4] PHH filed a letter (Doc. No. 47) indicating that it takes no position on Debtor's Motion to Amend and SPS filed a letter (Doc. No. 48) asking that the Motion to Amend be denied as to SPS and this Court has already granted its Motion to Dismiss.

## Motion to Amend

13. Federal Rule of Civil Procedure 15(a), as made applicable by Bankruptcy Rule 7015, provides that: "A party may amend its pleading once as a matter of course no later than:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

14. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

15. Debtor's Complaint was served on November 9, 2025, and US Bank and Selene's joint Motion to Dismiss was filed on December 3, 2025. The Emergency Motion was not filed until January 20, 2026. Thus, the Court's leave is necessary in order for Debtor to amend her Complaint.

16. "It is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

17. "Futility is directly intertwined with the standard for a motion to dismiss. A court may properly deny leave to amend where the amended complaint would not withstand a Rule 12(b)(6) motion to dismiss." *Pergament v. Yerushalmi*

5

(*In re Yerushalmi*), No. 07-72816-478, 2009 WL 2982964, at *4 (Bankr. E.D.N.Y. Sept. 14, 2009).

18. In this case, permitting the Debtor to amend her Complaint would be futile.

19. While the Debtor has added additional causes of action in the proposed Amended Complaint (Doc. No. 39-1), the relief that Debtor seeks remains the same: that this Court undue the judgment of foreclosure and sale of the Property.

20. Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void. *Buckskin Realty Inc. v. Windmont Homeowners Association, Inc.* (*In re Buckskin Realty Inc.*), No. 01-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016); *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021). ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases.").

21. This Court has issued multiple decisions and orders explaining that the Court cannot grant the relief Debtor seeks. *See* Memorandum, Decision and Order (Doc. 25); *see also In re Balash*, 25-11042, Decision and Order Granting In Rem Relief From Stay (Doc. No. 67) & Order Denying Motion for a Temporary Restraining Order to Stay Eviction Proceedings (Doc. No. 94).

6

22. Additionally, the District Court has issued decisions holding that the *Rooker-Feldman* doctrine bars federal courts from hearing cases that in effect are appeals from state court judgments. *See* (Doc. No. 6, Ex. F) (*Balash v. U.S. Bank, et al.*, 1:23-cv-00614 (AMN/DJS), Memorandum Decision and Order (N.D.N.Y. Aug,. 15, 2024)); Doc. No. 6, Ex. G) (*Balash v. Yiannakis Costa Ioannides Estate, et al.*, 1:24-cv-00679 (AMN/DJS), Memorandum-Decision and Order (N.D.N.Y. July 24, 2025)).

23. As Judge Nardacci explained:

> The Court has carefully considered whether to grant leave to amend the Complaint, given Plaintiff's *pro se* status. *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, the Court finds that amendment would be futile because the lack of subject matter jurisdiction here is a substantive defect which cannot be cured with better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Planck v. Schenectady Cnty.*, No. 12-cv-0336, 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) (denying pro se plaintiff leave to amend because "lack of subject-matter jurisdiction is generally viewed as a substantive defect"); *see also Balash-Ioannidou v. Contour Mortgage Corp.*, No. 22-cv-4506, 2022 WL 3358082, at *3 (E.D.N.Y. Aug. 15, 2022) (dismissing Plaintiff's complaint without prejudice and without leave to amend because "amendment would be futile") (citation omitted).

(Doc. No. 6, Ex. F at 6).

24. The Court adopts Judge Nardacci's sound reasoning. This Court lacks subject matter jurisdiction, no amount of pleading can cure the defect, and Debtor's amendments are futile.

### Motion to Dismiss under Rule 12(b)(6)

25. Having determined that Debtor's Complaint cannot be amended, the Court turns to US Bank's and Selene's (together "Movants") Motion to Dismiss (Doc. No. 6).

7

26. Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

27. Rule 12(b)(6) empowers the bankruptcy court to dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

28. When considering a motion under Rule 12(b)(6), the court must accept all factual allegations as true and draw all inferences in favor of the plaintiff. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

29. A Complaint should be dismissed under Rule 12(b)(6) if "the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

**Violations of the FARA**

30. Construed liberally, Count One of Debtor's Complaint alleges that Movants violated FARA by failing to register as a foreign agent. (Docket No. 1 at 16–17).

31. Debtor's FARA claim lacks any chance of success as there is no private right of action to enforce a FARA violation. *Gong v. Sarnoff,* No. 23-CV-343 (LJL), 2023 WL 5372473, at *11 (S.D.N.Y. Aug. 22, 2023) ("[E]very court to have considered the issue, in this Circuit and elsewhere, has held that no private right of action can be implied in FARA."); *Henry v. Washington*, No. 3:22-CV-5673-DGE, 2022 WL 9491957, at *2 (W.D. Wash. Sept. 16, 2022), *report and*

8

*recommendation adopted*, No. 3:22-CV-05673-DGE, 2022 WL 9372175 (W.D. Wash. Oct. 14, 2022) ("[T]here is no private cause of action provided for in the act such that Plaintiff could sue for a violation of it."); *Weican Meng v. Xinhuanet Co.*, No. 16 CIV. 6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) ("[N]o language in [the] statute or its legislative history suggests that Congress intended to establish cause of action in any entity other than Federal Government.").

32. As such, Count One of Debtor's Complaint must be dismissed as to Movants.

### Violations of the FDCPA

33. Count Two of Debtor's Complaint alleges violations of the FDCPA.

34. While the Complaint is not clear as to what conduct Movants are alleged to have done, the Complaint does state that "[t]he Bank Defendants . . . willfully commenced a foreclosure debt collection action in the State Court by[] relying on improper paperwork when the foreclosure case was commenced as well as through the life of the case and ignored various attempts to bring the debt current." (Docket No. 1 at 22).

35. The Complaint goes on to state: "Defendants stole my property with their illegal Foreclosure."[5] (*Id.*)

36. Thus, it seems clear that Debtor is seeking to prosecute violations of the FDCPA occurring before and during the foreclosure action. *Id.*

---

[5] The Court notes that Debtor was not a signatory on the note or mortgage nor a Defendant in the Foreclosure action. (Docket No. 9, Exs. A–C). Debtor's late husband, Yiannakis C. Ioannides, was executed the note and mortgage and was the sole Defendant in the Foreclosure action. *Id.*

37. "Claims under the FDCPA are subject to a one-year statute of limitations from the date a violation occurs." *Costello v. Wells Fargo Bank, NA*, No. 22-1528-CV, 2023 WL 6380061, at *2 (2d Cir. Oct. 2, 2023).

38. The foreclosure action on the Property began on February 12, 2012. (Docket No. 9, Ex. B). A decision and order granting a judgment of foreclosure and sale was entered on January 23, 2018. (*Id.*) The Property was ultimately transferred to U.S. Bank, on December 5, 2023. (*Id.*, Ex. C)

39. Thus, based upon the allegations set forth in the Complaint, the latest that a FDCPA violation could have occurred in connection with the foreclosure is December 2023. For a claim to have been timely under the FDCPA, it must have been brought no later than December 2024. As this adversary proceeding was filed on November 3, 2025, any claim for a violation under the FDCPA arising out of the foreclosure sale is time barred.

40. Debtor also alleges that "continuing to pursue eviction proceedings when a full accounting per GAAP has not been provided is a violation of the FDCPA ...." (Docket No. 1 at 10).

41. The FDCPA applies only to "debt collectors." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 137 (4th Cir. 2016), *aff'd*, 582 U.S. 79, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017). Movants are not "debt collectors" as defined by the FDCPA because there is no "debt" owed to them by the Debtor.[6]

---

[6] Additionally, "when [an] entity acts to collect its own debts [as opposed to collecting debts on behalf of another], it is acting as a creditor, not a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 140 (4th Cir. 2016), aff'd, 582 U.S. 79, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017).

10

42. Debtor was never a party to the note and mortgage at issue in this case. Even if she were, the Property has belonged to US Bank since December 5, 2023. (Doc. No. 6, Ex. C).

43. The Supreme Court has stated that in order for the FDCPA to apply, a debt must be "currently due at the time of collection and not a debt that was due only in some previous period." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 84, 137 S. Ct. 1718, 1722, 198 L. Ed. 2d 177 (2017).

44. As such, Count Two of the Complaint must be dismissed as to Movants.

### Declaratory Relief seeking to quiet title and/or invalidate U.S. Bank's lien

45. Count Two asks the Court to "quiet title" and "have the lien removed and the sale that took place set aside," while Count Four asks that the Invalid Lien . . . be removed from the property, along with any rights alleged by Third Party." (Docket No. 1 at 23–24).

46. Movants no longer hold a lien against the Property. US Bank owns the Property. (Doc. No. 6, Ex. C).

47. A Judgment of Foreclosure and Sale in favor of U.S. Bank was entered on January 23, 2018, and a Referee's Deed conveyed the Property to U.S. Bank on December 5, 2023. (Docket No. 9, Exs. A–C).

48. However, even if one of the Movants were a lienholder, "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void." *Buckskin Realty Inc. v. Windmont Homeowners Ass'n*

11

(*In re Buckskin Realty Inc.*), No. 1-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016).

49. While Debtor argues that *Rooker-Feldman* does not apply to bankruptcy courts, this Court is bound by the law of the Second Circuit. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [Plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [Plaintiff's] claim.").

50. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the relief requested would result in the reversal or modification of a state court judgment. *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Holmes v. Ocwen Loan Servicing, LLC* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576, at *3 (Bankr. S.D.N.Y. July 24, 2020) ("*Rooker–Feldman* doctrine . . . precludes federal district courts from exercising appellate jurisdiction over final state court judgments."); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It also "bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki*, 290 F.3d at 128 (quoting *Feldman*, 460 U.S. at 482–83 n.16).

51. "[T]here is no fraud exception to the *Rooker–Feldman* doctrine." *Holmes v. Ocwen Loan Servicing* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576,

12

at *4 (Bankr. S.D.N.Y. July 24, 2020); *see also Kropelnicki*, 290 F.3d at 128 (2d Cir. 2002) ("[W]e have never recognized a blanket fraud exception to *Rooker–Feldman*.").

52. Finally, "[a] plaintiff who d[id] not own the property subject to foreclosure does not have standing to challenge that foreclosure." *Jones v. Kaufman*, No. 25-CV-4407 (CS), 2025 WL 1755122, at *1 (S.D.N.Y. June 24, 2025); *see also NDF1, LLC v. Cunningham*, No. 24-CV-00002 (NCM) (JAM), 2025 WL 3295069, at *11 (E.D.N.Y. Nov. 26, 2025) (same).

53. Thus, Count Four, and any similar relief requested in Count Two, must also be dismissed as to Movants.

For the reasons stated above, Debtor's Motion to Amend (Doc. 39) is DENIED and Movants' Motion to Dismiss (Doc. 6) is **GRANTED** in its entirety.

The Clerk of Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###